UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

DANIEL GENE BOZE, JIMMY JOE BOZE,
and the ESTATE of MARY RUTH BOZE,
by and through its Personal Representatives,
JIMMY JOE BOZE and NITA LEE REID,

    Plaintiffs,

    v.                                               Case No. 2:25-cv-00074

GREAT AMERICAN INSURANCE
COMPANY,

    Defendant.

## PLAINTIFFS' UNOPPOSED MOTION TO STAY

COME NOW the Plaintiffs, Daniel Gene Boze, Jimmy Joe Boze and the Estate of Mary Ruth Boze, by and through its Personal Representatives, Jimmy Joe Boze and Nita Lee Reid, by and through counsel, and move this Court for an Order to stay these proceedings pending receipt of the Section 20(i) determination by United States Department of Agriculture, Risk Management Agency and Federal Crop Insurance Corporation, and in further support of the same state as follows:

1. On January 26, 2021, contemporaneous with the filing of their original Complaint in Case No. 2:21-cv-00002, the Plaintiffs requested a "determination from FCIC that [Great American and its] loss adjuster[s] failed to comply with the terms of this policy or procedures issued by FCIC and such failure resulted in [the Plaintiffs] receiving a payment in an amount that is less than the amount to which [they] were entitled." *Id.* at ¶20(i); 7 CFR §400.352(b)(4); *see also* Exhibit 3 to the Complaint herein (Section 20(i) Request to FCIC).

2. On August 18, 2025, following a lengthy administrative appeal process and an appeal to this Court, the Honorable Waverly D. Crenshaw, Jr., United States District Judge, entered the Court's Order [Doc. #69] in Case No. 2:21-cv-00002 dismissing **without prejudice** the Plaintiffs' Complaint, suggesting that the Plaintiffs should have "***ask[ed] the court to stay the judicial proceedings while the [20(i)] determination is pending***" per the guidance of *Vaughn v. Producers Agriculture Insurance Company*, 2014 WL 11511065, at *2 (N.D. Fla. 2014). *See Boze v. Great American Ins. Co.*, Case No. Case No. 2:21-cv-00002, Docket No. 69 at 2 (emphasis in original).

3. On the same day, August 18, 2025, the Honorable Waverly D. Crenshaw, Jr., rendered the Court's Memorandum Opinion [Doc. #64] and Order [Doc. #65] in Case No. 2:23-cv-00068, granting Plaintiffs' Motion for Judgment on the Record [Doc. #50] and Motion to Supplement the Agency Record [Doc. #54] and denying Defendants' Motion for Judgment on the Record. *See* 2025 WL 2396577, Case No. 2:23-cv-00068, Docket No. 65 (Memorandum Opinion and Order of District Court).

4. The District Court noted in Case No. 2:23-cv-00068, "[a]s Defendants all but concede a holding that Defendants legally erred in their interpretations of both prongs of Section 20(i) determination analysis leads to only one conclusion: that Plaintiffs are entitled to a favorable Section 20(i) determination." *Id.* at 17.

5. Accordingly, the District Court "remand[ed] this matter back to Defendants to reconsider Plaintiffs' Section 20(i) requests not inconsistent with this Memorandum Opinion." *Id.* at 18.

6. Plaintiffs are equally confident that the Court's ruling in Case No. 2:23-cv-00068 "leads to only one conclusion: that Plaintiffs are entitled to a favorable Section 20(i)

determination," Plaintiffs have re-filed their civil action initially pled in Case No. 2:21-cv-00002, and now seek an Order "***stay[ing] the judicial proceedings while the [20(i)] determination is pending.***" *See Boze v. Great American Ins. Co.*, Case No. Case No. 2:21-cv-00002, Docket No. 69, *citing Vaughn v. Producers Agriculture Insurance Company*, 2014 WL 11511065, at *2 (N.D. Fla. 2014) (emphasis in original).

7. The District Court's power to stay proceedings is incidental to its inherent power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

8. Therefore, consistent with the Court's guidance in Case No. 2:23-cv-00068, these judicial proceedings should be stayed pending the determination of the Plaintiffs remanded Section 20(i) request.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Daniel Gene Boze, Jimmy Joe Boze and the Estate of Mary Ruth Boze, by and through its Personal Representatives, Jimmy Joe Boze and Nita Lee Reid, move this Court for an Order to stay these proceedings pending receipt of the Section 20(i) determination by United States Department of Agriculture, Risk Management Agency and Federal Crop Insurance Corporation; and for such other and further relief as may be just and proper.

Respectfully submitted,

LAW OFFICE OF
WENDELL L. HOSKINS II
404 Ward Avenue
Post Office Box 1115
Caruthersville, Missouri 63830
Phone: 573-333-2600
Fax: 573-333-2041
Wendell@WendellHoskins.com

*Wendell L. Hoskins II*
WENDELL L. HOSKINS II
Tennessee Bar No. 17761
Attorney for the Plaintiffs

## CERTIFICATE OF SERVICE

I, WENDELL L. HOSKINS II, attorney for Plaintiffs, in the above styled and numbered cause of action, do hereby certify that I have this day served electronically, a true and correct copy of the foregoing pleading to Thomas C. James, Esquire, Sanders & Associates, LPA, 8040 Hosbrook Road, Suite 202, Cincinnati, Ohio 45326.

THIS, the 5th day of September, 2025.

*Wendell L. Hoskins II*
WENDELL L. HOSKINS II