**USDA** **Risk Management Agency**
U.S. DEPARTMENT OF AGRICULTURE
**Office of Compliance Deputy Administrator**
1400 Independence Avenue, SW
Stop 0801
Washington, DC 20250-0801

Daniel Gene Boze
Jimmy Joe Boze
Estate of Mary Ruth Boze
c/o Wendell Hoskins II, Esq.
Law Office of Wendell L. Hoskins II
404 Ward Avenue
Post Office Box 1115
Caruthersville, Missouri 63830

*By email to:* Wendell@WendellHoskins.com

**Re: Response to 20(i) Determination on Remand**
 *Daniel Gene Boze, et al. v. Great American Insurance Company*
 **United States District Court, Middle District of Tennessee Case No. 2:21-cv-00002**

Mr. Hoskins:

This letter is the USDA Risk Management Agency's response to the request for a decision under section 20(i) of the Basic Provisions of the Common Crop Insurance Policy and 7 C.F.R. § 400.352 you submitted for your clients: Daniel Gene Boze, Jimmy Joe Boze, and the Estate of Mary Ruth Boze (collectively, Respondents).[1] They claim that their insurance company, Great American Insurance Company (Great American), wrongly denied their claims for insurable losses on their burley tobacco policies for the 2017 crop year.

The documents and evidence you provided show that Great American did not follow Federal Crop Insurance Corporation (FCIC) policy and procedures when handling the Respondents' claims. The record also proves that Respondents received less than they were entitled, based on that failure. Therefore, I am issuing Respondents a favorable 20(i) Determination. The full reasoning for my decision follows.

**STATEMENT OF THE ISSUES**

1. Did Great American fail to follow FCIC rules when it assigned all of Respondents' losses as uninsurable because of good farming practices (GFP) violations in their weed control program?

2. If Great American failed to follow FCIC's rules, did it pay Respondents less than they were entitled to, as a result?

**EXHIBIT**

**1**

---

[1] On January 26, 2021, you sent the original request through USPS mail. Because of COVID, the USDA experienced mailroom delays. So, on March 11, 2021, you re-submitted the request by email.

## BACKGROUND

For the 2017 crop year, Respondents purchased federally reinsured crop insurance policies from Great American for Burley tobacco grown in several Tennessee counties. On June 8, 2017, they submitted notices of loss for excessive moisture.

Over the next two months, Great American and the local Farm Service Agency inspected the fields and raised concerns about weed control practices. On February 23, 2018, Great American denied the claims, citing GFP failures in Respondents' weed control program.

On March 24, 2018, the Respondents asked Great American to reconsider. Alternatively, they appealed to the USDA Jackson Regional Office (RO). Later, On November 8, 2018, Respondents submitted additional evidence to the RO, including statements, expert reports, photos, and invoices.

On February 5, 2019, the Respondents filed a demand for arbitration against Great American.

On May 13, 2019, the RO affirmed Great American's determination that Respondents' post-emergence weed control practices failed GFP requirements but found that fertilization issues likely did not reduce yields.

On November 2, 2020, the arbitrators ruled in their favor, finding that excessive moisture was the sole insured cause of loss. The award totaled $1,149,674.00 in indemnities, plus $66,178.71 in interest and a per diem of $35.66. Great American paid the full indemnity and interest on November 17, 2020.

On January 26, 2021, the Respondents requested a Section 20(i) determination and filed a federal lawsuit seeking extra-contractual damages against Great American.

On December 3, 2021, RMA denied the 20(i) request, finding that Great American did not violate FCIC procedure in its initial denial or after the GFP by not separating insurable and uninsurable losses. RMA also found that any failure to separate insurable and uninsurable losses was not "willful and egregious." Finally, RMA noted in a footnote that Respondents had already received full payment, which prevents a 20(i) Determination.

The Respondents timely appealed to the National Appeals Division (NAD). On June 15, 2023, the Hearing Officer held that Great American failed to comply with FCIC procedures after the GFP reconsideration and called the conduct willful and egregious. However, the Hearing Officer denied relief since the Respondents had ultimately been paid.[2]

On Director Review, dated October 26, 2023, NAD again denied the request, finding that while Great American failed to comply with FCIC procedures, the conduct was not willful or egregious, and the arbitration award satisfied payment obligations.[3]

---

[2] NAD Case No. 2022S000039 (Jun. 15, 2023).
[3] NAD Case No. 2022S000039 (Dir. Rev., Oct. 26, 2023).

**USDA Risk Management Agency**
*USDA is an equal opportunity provider, employer, and lender.*

**Federal Court Decision and Remand**

The Respondents appealed NAD's decision to U.S. District Court for the Middle District of Tennessee, Northeastern Division. On August 18, 2025, the District Court vacated the 20(i) determination and remanded the case for reconsideration.[4]

The Court held that:
- Section 20(i) requires only proof of noncompliance with FCIC policies or procedures, not willful or egregious conduct.
- The "less than entitled" analysis must be based on the initial denial of the claim, not on whether a farmer was later paid through arbitration.

The Court emphasized that Great American failed to comply with FCIC procedures and that the Respondents initially received no indemnity, until they prevailed in arbitration.

## APPLICABLE LAWS AND REGULATIONS

Congress enacted the Federal Crop Insurance Act (FCIA) to promote the economic stability of agriculture by establishing a reliable system of crop insurance. 7 U.S.C. § 1502(a). To carry out the purposes of the FCIA, Congress created the FCIC within the United States Department of Agriculture (USDA). RMA, an agency within USDA, administers the Federal Crop Insurance Program (FCIP) on behalf of FCIC. 7 U.S.C. § 6933.

To implement this framework, RMA enters into a Standard Reinsurance Agreement (SRA), which sets forth the respective rights and responsibilities of RMA and private insurers, referred to as authorized insurance providers (AIPs).

The Basic Provisions further establish the rights and obligations of both the AIPs and the insured producers. Under Section 20(i) and 7 C.F.R. § 400.352, any claim arising from a federal crop insurance policy, including claims for extra-contractual damages, may be awarded in judicial review only if a 20(i) Determination has first been issued by FCIC. Additionally, MGR-14-010 directs that FCIC will issue a determination before the resolution of a court case, provided a complete record is available.

To obtain a 20(i) Determination, the requestor must first demonstrate that the AIP failed to comply with FCIC policies and procedures. Second, the requestor must show that this failure resulted in the receipt of less than the full amount due under the applicable policy.

## DETERMINATION

**I. Great American failed to comply with FCIC policy and procedures when it denied the Respondents' 2017 claims.**

Great American failed to follow FCIC policy when it did not reconsider Respondents' claims after they received a partially favorable GFP decision. The Basic Provisions require that an insurer accurately

---

[4] *Boze et al., v. USDA et al.*, M.D. Tenn. Case No. 2:23-cv-00068 (M.D. Tenn. Aug. 18, 2025).

**USDA Risk Management Agency**
*USDA is an equal opportunity provider, employer, and lender.*

determines whether losses are caused by insured causes (such as excessive rainfall) or uninsured causes (such as failure to follow good farming practices).

The Loss Adjustment Manual (LAM) provides further guidance on how to properly adjust losses, and Final Agency Determinations (FADs) interpret crop insurance policy provisions. The relevant procedures here are:

- The Loss Adjustment Manual (LAM) § 1221A(7) and 1221C(3) require an AIP to determine and document whether losses are due to insured or uninsured causes of loss.

- FAD-102 requires an AIP to ensure they correctly identify and document an insurable cause of loss and consider GFP determinations.

- FAD-284 clarifies that production attributed to overturned GFP determinations must be removed from production-to-count.

On June 8, 2017, Respondents reported losses from excessive rainfall. Great American inspected the fields and initially denied the claims in February 2018, citing fertilizer use, nitrogen levels, pre-emergent herbicide mixtures, off-label Fusilade DX as failures to follow GFP. This initial denial was allowed by Paragraph 1221C of the LAM and GFP standards (defined in 7 C.F.R 457.8, Section 1). Together, these rules allow AIPs to assign losses to uninsured causes if GFP are not followed and pay indemnity only for the insured portion of the loss.

Respondents appealed, arguing that excessive rain was the main cause of their loss. On August 27, 2019, FCIC issued a final GFP decision, upholding two of the GFP violations (using Fusilade DX off-label and not hand-hoeing weeds). At that point, federal rules required Great American to reevaluate the claims to determine whether part of the loss was due to the insured cause of excessive rainfall. Evidence available at the time, including field photographs, reports of drowned-out plants, and heavy rainfall data, showed that excessive moisture was a significant insured cause of loss.

Instead of reevaluating the claims, Great American continued to deny them and assigned 100% of the losses to uninsured causes (Fusilade DX and weed control practices). This failure to separate insured and uninsured causes of loss violated the LAM and related FCIC procedures. The fact that arbitration later confirmed that excessive rainfall was the only insured cause of loss, shows that Great American should have reevaluated and documented the insured cause after FCIC's decision overturned several GFP violations.

Accordingly, I find that Great American did not follow FCIC policy and procedures. Its refusal to reconsider the Respondents' claims after FCIC's partially favorable GFP decision violated the LAM and FCIC guidance, which require proper documentation of losses due to insured causes.

## II. Respondents received less than they were entitled under their policies

Great American paid Respondents' claims in full only after the arbitration. The second requirement of a 20(i) Determination is based on the time of the initial denial, not on later corrections through arbitration or payment.

Great American denied the claims on February 23, 2018. At that time, the Respondents did not receive any payment and pursued arbitration. On November 2, 2020, the arbitrator ruled in their favor, stating that excessive moisture was the only insured cause of loss and awarding indemnities of $1,149,674.00, plus $66,178.71 in interest and per diem of $35.66. On November 9 and 12, 2020, Great American paid the full award.

However, because the Respondents received less at the time of denial than they were entitled to at that time, the second prong of Section 20(i) has been met.

Thus, both prongs of Section 20(i) are satisfied: (1) Great American failed to comply with FCIC policy and procedures by not reevaluating the claims after FCIC's partially favorable GFP decision; and (2) the Respondents received less than they were entitled to when Great American denied their claims in February 2018.

**<u>CONCLUSION</u>**

Based on the analysis above, Respondents are entitled to a favorable Section 20(i) Determination.



FRANCIE TOLLE   Digitally signed by FRANCIE TOLLE
Date: 2025.12.04 13:33:17 -06'00'

Francie Tolle
Deputy Administrator for Compliance
Risk Management Agency
Federal Crop Insurance Corporation

cc: Great American Insurance Company (Thomas James)

# **APPEAL RIGHTS**

If you disagree with this determination, you may appeal in accordance with 7 CFR part 11. The appeal must be filed in writing and sent to the following address:

National Appeals Division
Eastern Regional Office
Post Office Box 1508
Cordova, Tennessee 38088-1508

The National Appeals Division's phone number is 1-800-552-5377 or (901) 544-0360 and their fax number is (901) 544-0363. Any appeal must be filed within 30 days of receipt of this letter.